## THE STATE *v.* SALLIE MARTIN.

COSTS. *Execution. Return of nulla bona.* Under the Code, section 5585, which requires the State to pay certain costs when the defendant has been convicted, but the execution issued upon the judgment has been returned *nulla bona,* the court cannot order the costs to be paid by the State without such a return, upon the admission of the attorney-general that the defendant is insolvent.

### FROM DAVIDSON.

Motion of Clerk for judgment against the State.

ATTORNEY-GENERAL LEA against motion.

—— —— for Clerk.

The State *v.* Martin.

COOPER, J., delivered the opinion of the court.

The question raised by the motion in this case is whether the costs adjudged against the defendant in a criminal case may, upon the admission by the attorney-general that the defendant is insolvent, be ordered to be paid by the State, or whether a return of no property to be found by the sheriff on an execution issued against the defendant for the costs is not a necessary prerequisite to the order.

The State and county are in no case liable for the fees of officers in criminal cases "unless expressly allowed": Code, sec. 5561. And the requirements of the law in regard to the costs chargeable to the State or county, it has always been held must be strictly complied with: *State* v. *Delap*, Peck, 91; *Tucker* v. *State*, 2 Head, 555; *Avery* v. *State*, 7 Baxt., 328, The Code, section 5585, undertakes to specify the cases in which the State is required to pay costs. One of these is, when the defendant has been convicted, but the execution issued upon the judgment has been returned *nulla bona*. The meaning of the sub section is that there has been a return by the officer on an execution against the defendant for the costs, of no property found. The return should negative the idea that there is any real or personal property out of which the writ could be satisfied: *State* v. *Delap*, Peck, 91. To substitute for such a return, by an officer whose duty it would be to ascertain the facts under the sanction of his oath of office, and under the risk of being held liable for a failure so to do, the ad-

mission of the attorney general of the State, who is neither charged with any duty in the matter nor liable for neglect, would be to deprive the State of one of the safeguards created by the Legislature for the protection of the State treasury. The court has no authority to order the costs to be paid by the State until an execution has been issued against the defendant, and properly returned showing that the money cannot be made out of the defendant.

Ordered accordingly.